UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 07-CV-440-JMH

JAMES CUSHENBERRY,                                                PETITIONER,

VS:            **MEMORANDUM OPINION AND ORDER**

FEDERAL MEDICAL CENTER,                                           RESPONDENT.

James Cushenberry, who is currently confined in the Federal Medical Center, in Lexington, Kentucky ("FMC-Lexington"), has submitted a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 2] and has paid the $5.00 habeas filing fee.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As the Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS

The Petitioner alleges that he has been informed that if he

completes the Residential Drug Abuse Program ("RDAP") in which he is participating, he will be denied consideration for a reduction in the length of his sentence, because of the nature of his offense. He claims that the Bureau of Prisons thereby acts inconsistently with the intent of Congress and does not give him equal treatment under the law authorizing the reduction.

## PETITIONER'S ALLEGATIONS

The following is a summary or construction of the Petitioner's allegations and arguments. He begins with the facts regarding his current sentence. After a guilty plea, Cushenberry was sentenced to a term of imprisonment of 77 months for being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), on November 24, 2003, in the United States District Court for the Southern District of Indiana. His projected release date by earning good time credits is July 11, 2009.

According to the Petitioner, since December 3, 2007, he has been participating in the Bureau of Prisons ("BOP") 500-hour RDAP program. The RDAP is a program set up to effectuate a statute, which provides that the BOP may grant a reduction in sentence of up to one year, for any prisoner who was convicted of a "non-violent offense" and successfully completed a substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B).

However, the Director of the RDAP program at FMC-Lexington has allegedly told Cushenberry that even if he successfully completes the program he will not be entitled to any sentence reduction because the BOP has categorically decided that a felon's conviction

2

of possession of a firearm, under 18 U.S.C. § 922(g)(1), regardless of the facts, is not a "non-violent offense." Petitioner challenges this characterization, asserting that his conviction was for an offense which was non-violent, and, therefore, upon successful completion of the RDAP program, he is entitled to an individualized consideration for the reduction provided in Section 3621(e)(2)(B).

Cushenberry's petition contains a substantial amount of legal argument, *i.e.*, in categorically denying him early release, based his crime being in a list of crimes which the BOP has pre-determined to not qualify for the reduction, the BOP has abused its discretion and violated the Constitutional guarantee of equal protection of the law. He closes as follows:

> . . . The Petitioner . . . prays this court to intervene. He is not asking this Court to grant him time off; but rather he prays for an order requiring the BOP to stop their categorical policy of denial and give due and proper individualized consideration to the individual as Congress ultimately intended.

Record No. 2 at 18.

Cushenberry admits that he has not administratively appealed the BOP's decision to deny him consideration for the reduction and asks that the Court not require him to pursue the matter to exhaustion. He grounds the request in the futility of the effort, as the BOP would be required to violate its own policy to grant him relief, and the time involved, as completing the administrative process would jeopardize preparation for his projected release date.

3

DISCUSSION

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir.1998). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons that he or she is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *See Perez v. Hemingway,* 157 F.Supp.2d 790, 793 (E.D.Mich. 2001).

Exhaustion Issue

There is a pre-condition to bringing such an action, however, a pre-condition which the Petitioner requests be waived. "It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins,* 638 F.2d 953, 953-54 (6th Cir.1981). The BOP maintains an administrative remedy program through which inmates may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a), *et seq.*

Section 2241 "does not specifically require federal prisoners to exhaust their administrative remedies before seeking habeas corpus in the federal district courts," and it is not jurisdictional, but federal courts impose the requirement in some cases. *Six v. U.S. Parole Comm'n,* 502 F.Supp. 446, 448 (E.D.Mich.1980); *see also Hacker v. Federal Bureau of Prisons,* No.

4

06-12425, 2006 WL 2559792, at *5 (E.D.Mich. Sept.1, 2006) ("The Sixth Circuit has approved of the general principle that the Bureau of Prisons should be allowed the opportunity to consider the application of its policy to a habeas petitioner's claims before the federal courts entertain them.") (citing *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir.2001)).

In the case *sub judice*, Petitioner admits that he did not exhaust the BOP administrative process. Therefore, the Court first considers whether to excuse him from the exhaustion requirement and decides to do so. The Court believes that it would be a waste of time and effort for the petitioner to exhaust administrative remedies with the BOP because its position is that persons convicted of offenses under 18 U.S.C. § 922(g) are not eligible for early release upon successful completion of a substance abuse program and the director of the BOP program has made a preliminary determination that the petitioner is not eligible for early release because he was convicted of violating 18 U.S.C. § 922(g).

When, as here, the BOP has predetermined the disputed issue, the exhaustion requirement may be excused. *See McCarthy v. Madigan*, 503 U.S. 140, 148, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992); *see also Boucher v. Lamanna*, 90 F.Supp.2d 883, 887 (N.D.Ohio 2000) (concluding that exhaustion of administrative remedies would be futile where the BOP's policy on categorizing the prisoner's offense as a violent crime was mandatory, the issue was a legal one that the BOP had consistently defended, and the potential for immediate release counseled timely consideration of the

5

petitioner's case); *see also Chevrier v. Marberry*, 2006 WL 3759909, *2 -3 (E.D.Mich. 2006) (slip op.) (same).

Accordingly, with the same considerations and with the date of Petitioner's release set for next year, this Court will excuse the instant Petitioner's failure to exhaust administrative remedies and will proceed to address the merits of his claims.

### Merits of Petitioner's Claims

"Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes." *Lopez v. Davis,* 531 U.S. 230, 233 (2001). In 1990, Congress amended the statute to provide that "[t]he Bureau shall ... make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Pub.L. 101-647, § 2903, 101 Stat. 4913 (currently codified at Section 3621(b)).

Four years later, Congress amended § 3621, this time to provide incentives for prisoner participation in BOP drug treatment programs. The incentive provision at issue herein reads as follows:

> The period a prisoner is convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Pub.L. 103-322, § 32001, 108 Stat. 1897 (codified at 18 U.S.C. § 3621(e)(2)(B)). *Womack v. Pearson*, 2006 WL 3841778, *2 (W.D.Tenn. 2006) (slip op.).

The Court notes that the statute contains no other criteria for the reduction except that the prisoner's current crime be a "non-violent" one and that he or she complete the BOP's treatment

6

program. To provide guidelines for the implementation of the statute, the BOP promulgated 28 CFR § 550.58, *Consideration for Early Release*, and authored 5162.04, *Categorization of Offenses*, both of which place offenses in categories for purposes of determining whether an inmate is eligible for benefits, including the reduction in sentence flowing from completion of the BOP's substance abuse program. Section 7 of the program statement contains the prohibition against the award of benefits to prisoners convicted of "[a]ll offenses under 18 U.S.C. § 922(g) . . . ." P.S. 5162.04 at 18.

The Supreme Court has determined that the BOP's internal agency guidelines are entitled to "some deference." *Reno v. Koray,* 515 U.S. 50, 61 (1995). Moreover, the High Court has also ruled that the BOP has the authority, but not the duty, to reduce a prisoner's term of imprisonment. *Lopez v. Davis,* 531 U.S. 230, 241 (2001).

*In Lopez v. Davis,* the Court was presented with another prisoner's challenge to his ineligibility for the reduction based on the BOP's categorical pre-determination to place his offense, 21 U.S.C. § 841, merely possessing a firearm in commission of his crime, on the ineligibility list. The Court determined that the BOP, pursuant to its broad discretion to prescribe additional early release criteria, is entitled to categorically exclude certain inmates from early release. In doing so, the Court stated that "the Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb." *Id.* at 242.

Moreover, the Supreme Court rejected the argument that the BOP was required under § 3621(e) to make a case by case assessment of eligibility for early release. *Id.* at 243-44. The Court concluded that the BOP had the discretion to categorically deny early release to federal prisoners whose felonies involved the use or possession of a firearm. *Id.* In so ruling, the Supreme Court ruled that the BOP could reasonably conclude that an inmate's involvement with firearms, in connection with a felony, suggested a readiness to resort to "life-endangering violence" that was relevant to the early release decision. *Id.* at 244.

The High Court also noted that the use of the word "may" in section 3621(e) also indicates that Congress was giving the BOP discretion to exclude categories of inmates from early release; individualized determinations are not necessary. *Id.* at 240-44; *Brown v. Scibana,* 86 F.Supp.2d 702, 705 (E.D.Mich.2000) ("Nothing in § 3621(e)(2)(B) mandates that the BOP exercise its discretion on an individual, rather than categorical, basis."). Thus, the categorical denial of early release to certain inmates based on the inmate's crime underlying the conviction is a valid exercise of the BOP's discretion. *Lopez*, 531 U.S. at 240-41; *Scibana,* 86 F.Supp.2d at 705-06. Shortly after the *Lopez* opinion issued, the Sixth Circuit decided the afore-cited *Boucher* case, on facts virtually identical with *Lopez*, and affirmed the district court's dismissal of the prisoner's Section 2241 challenge to categorical exclusions. *Boucher*, 27 Fed.Appx. at 281.

In the present case, Petitioner was convicted of violating

8

another statute, being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), another listed offense which the BOP has pre-determined in its guidelines to render a prisoner ineligible for a sentence reduction. Just as the categorical exclusion was upheld in *Lopez* and *Boucher*, this Court finds that there is nothing unreasonable in the BOP's common-sense decision that there is a significant potential for violence from criminals who possess firearms. *See Chevrier*, 2006 WL 3759909 at *5 (same).

Petitioner's equal protection claim fails on the facts and the law. In order to state a claim under the Equal Protection Clause, a claimant must allege that the official intentionally discriminated against him or her because of membership in a protected class. *See Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir.1990). Prisoners, however, are not a suspect class under equal protection principles. *See Carnes v. Engler,* 76 Fed. Appx. 79, 81 (6th Cir.2003); *Hadix v. Johnson,* 230 F.3d 840, 843 (6th Cir.1998); *Perez v. Hemingway*, 157 F.Supp2d 790, 795-96 (E.D.Mich. 2001).

In the present case, Petitioner's equal protection claim is without merit because he has failed to allege any facts which show that the BOP intentionally discriminated against him on the basis of his membership in a protected class such as race, religion, or nationality. *Carnes,* 76 Fed. Appx. at 81; *see also Swant v. Hemingway,* 23 Fed. Appx. 383, 384 (6th Cir.2001) (exclusion of inmate whose drug sentence included a weapon enhancement from eligibility under § 3621(e) for successfully completing a drug

9

treatment program did not violate equal protection).

Moreover, Petitioner offers no evidence that other prisoners who were convicted of being a felon in possession of a firearm have been granted a one year sentence reduction upon completion of the BOP's residential drug treatment program. Conclusory allegations that a Petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief. *Perez,* 157 F.Supp.2d at 795. Because Petitioner has failed to show that similarly situated prisoners have been granted a sentence reduction, he is not entitled to habeas relief on his claim.

Finally, with regard to equal protection law, the Court finds that the BOP's decision to exclude a prisoner convicted of a Section 922(g) firearms charge is rationally related to a legitimate governmental interest in discouraging the unlawful use of weapons and in protecting the public from potentially violent criminals. *Perez*, 157 F.Supp.2d at 796. The BOP did not violate the instant Petitioner's right to equal protection of the law by denying him consideration for the early release provided in Section 3621(e)(2)(B).

## CONCLUSION

Consistent with the foregoing law, the Court concludes that 18 U.S.C. § 3621(e)(2) grants the BOP full discretion to grant or withhold early release, even denying any early release to those prisoners who have already completed the RDAP. *See Hasan v. Eichenlaub*, 2006 WL 3511551, *2 (E. D. Mich. 2006). The BOP may

10

exclude inmates from early release categorically or on a case-by-case basis. *Lopez*, 531 U.S. at 232; *see also Brown v. Scibana*, 86 F. Supp.2d at 704; *Harvey v. Eichenlzub*, 2007 WL 4239260 (E.D. Mich December 23, 2007)(Slip op.). The instant Petitioner fails to state a claim upon which this Court may grant relief.

Accordingly, **IT IS HEREBY ORDERED** that James Cushenberry's petition for writ of habeas corpus is **DENIED**; the petition will be **DISMISSED**; and Judgment shall be entered in favor of the Respondent.

This the 11th day of January, 2008.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

11